UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

PIERRE SANTOS,

                Defendant.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**
16-cr-302 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On October 7, 2016, Pierre Santos ("Defendant") pled guilty to a single-count Indictment for Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Court now sentences Defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and the President and contained in 18 U.S.C. § 3553(a). For the reasons discussed below Defendant is hereby sentenced to 46 months of incarceration, 3 years of supervised release, and payment of a $100.00 special assessment.

## BACKGROUND

On June 7, 2016, the United States filed an Indictment charging Defendant with one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), a Class C Felony. ECF No. 7. On October 7, 2016, Defendant pled guilty before this Court to the sole count of the Indictment pursuant to a plea penalty sheet. *See* Oct. 7, 2016 Minute Entry, ECF No. 12. The Court previously sentenced Defendant on January 30, 2018. *See* Memorandum and Order at 1, ECF No. 27. In light of new case law, on January 24, 2019, the United States Court of Appeals for the Second Circuit issued a summary order reversing in part the Court's judgment, vacating Defendant's sentence, and remanding the case for resentencing. *See* Order, ECF No. 33.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

1

# DISCUSSION

## I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing a sentence in a criminal case. If and when a district court chooses to impose a sentence outside of the United States Sentencing Commission Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal quotation marks omitted). Section 3553(a) provides a set of seven factors for the court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## II. Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant, now 32 years old, was born on July 12, 1986, in Brooklyn, New York. *See* Presentence Investigation Report ("PSR") ¶ 30, ECF No. 13. Defendant's father passed away in 1989 from heart disease. *Id.* Defendant's mother is still alive. *Id.* Defendant's mother struggled with alcoholism during Defendant's youth and to the present day. *Id.* ¶¶ 33, 44. She advised the United States Probation Department ("Probation") she believes Defendant is a good

person, and she is disappointed about his involvement in the instant offense. *Id.* ¶ 31. Defendant also has one maternal half-brother who lives in Brooklyn. *Id.* ¶ 32. The Defendant reported having a close relationship with his brother, who is aware of Defendant's conviction for the instant offense and remains supportive. *Id.*

Defendant reported completing the 10th grade at Thomas Jefferson High School in Brooklyn in approximately 2004 and prior to that, attending I.S. 68 (Isaac Bildersee Intermediate School) from approximately 1997 to 2000. *Id.* ¶ 46. The high school closed in 2007, and a response for verification from its successor had not been received by Probation at the time of the Presentence Report. *Id.* I.S. 68 school officials verified Defendant attended I.S. 68 from July 1997 to October 1999, and from January 2000 to September 2000, and completed the 8th grade. *Id.* According to school officials, Defendant "was an 8th grade holdover. He went to 252 as an 8th grader." *Id.*

Since 2013, Defendant has been involved in a romantic relationship with Justine Jimenez. *Id.* ¶ 33. Ms. Jimenez resides in Brooklyn, is a student, and is financially supported by unemployment benefits. *Id.* Defendant and Ms. Jimenez have a daughter, Kali (age 2 at the time of the Presentence Report), who resides with Ms. Jimenez and is in good health. *Id.* Ms. Jimenez also has a 16-year-old daughter, Kiara, who resides with her father in Uniondale, New York. *Id.* Ms. Jimenez's son Darell was murdered in 2011. *Id.* Ms. Jimenez is aware of Defendant's conviction and remains supportive. *Id.* In a telephone interview with Probation, she advised that Defendant is a great father and family man, and she hopes he will reside with her upon his release from custody. *Id.*

Defendant has a history of substance abuse. *Id.* ¶¶ 42-43. He reported to Probation he smoked marijuana for the first time when he was 13 years old and continued to smoked almost

3

daily until he was 22 years old. *Id.* ¶ 42. He tried crack cocaine on two occasions. *Id.* ¶ 43. Defendant admitted to drinking alcohol for the first time at approximately 16 years old and continued drinking alcohol up until the time of his arrest for the instant offense. *Id.* ¶ 44. During periods of unemployment, Defendant would imbibe daily. *Id.* When employed, he would drink every other day. *Id.* According to the New York City Department of Community Supervision, Defendant has attended the following substance abuse treatment programs: Willard Drug Treatment Center, Brooklyn; Narco Freedom, Queens, New York; St. Vincent's Services, Daytop Village, Brooklyn; Center for Community Alternatives, Brooklyn; CIS Counseling Center, Brooklyn; and Com Alert, Brooklyn. *Id.* ¶ 45.

During periods of unemployment, from approximately 2010 through 2015, Defendant received public assistance benefits. *Id.* ¶ 50. He occasionally earned money by cutting hair for friends or family. *Id.* Defendant assisted his cousin, Nicole Santos, with caring for her two minor children. *Id.* He also assisted his cousin, William Santos, who has a disability from a gunshot wound, when his cousin's home health attendant was not working. *Id.* Defendant did not receive any compensation from his cousins for his assistance. *Id.* Defendant was employed for approximately two weeks as a utility worker for 4C Foods in Brooklyn before quitting for "personal reasons." *Id.* ¶ 49. Defendant was employed at Key Foods in Brooklyn from April 14, 2016 to May 4, 2016, up until his arrest for the instant offense. *Id.* ¶¶ 47-48.

In 2001, Defendant was arrested for the first time at the age of fourteen and was adjudicated a juvenile delinquent after a conviction for Robbery in the Second Degree. *Id.* ¶ 17. Over the next decade and a half, Defendant continued to violate the law. *Id.* ¶¶ 17-28. Defendant's adult criminal convictions include possession of a controlled substance, sale of a controlled substance, possession of a weapon, attempted robbery, and petit larceny. *Id.* ¶¶ 18-22.

4

Following his release from custody for attempted robbery in the third degree, Defendant absconded from supervision twice, resulting in revocation of his parole. *Id.* ¶ 21.

Regarding the instant offense, after an arrest conducted incident to Defendant's open warrants, a New York City Police Department officer located a .22 caliber Davis Industries Derringer pistol in Defendant's right front jacket pocket. *Id.* ¶ 3. Police later determined the pistol was loaded with two rounds of ammunition. *Id.* During Defendant's transport, processing, and pre-hearing detention, Defendant admitted, in sum and substance, that he had possessed a firearm. *Id.* The subject firearm was manufactured outside the state of New York. *Id.*

Defense counsel reports since Defendant's arrest, Defendant "has been engaged in numerous programs, including the Challenge Program, parenting classes, and OSHA and CDL certification courses." March 19, 2019 Def. Sentencing Mem. ("Def. Resentencing Mem.") at 2, ECF No. 35. Defendant also worked as his unit's orderly. *Id.*

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence punishes Defendant for violating federal law and is crafted to deter him and others from engaging in similar criminal activity in the future. The Court considers Defendant's substantial criminal history as well as his need for treatment for his persistent substance abuse.

## C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant was convicted of one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), for which he faces a maximum term of imprisonment of 10 years. 18 U.S.C. § 924(a)(2). He also faces: up to 3 years of supervised release, *id.* § 3583(b)(2); not less than 1 and no more than 5 years of probation, *id.* § 3561(c)(1); a maximum fine of $250,000, *id.* § 3571(b); and a mandatory special assessment of $100, *id.* § 3013.

## D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." *Id.* § 3553(a)(4)(A).

Sentencing Guideline § 2K2.1 applies to violations of 18 U.S.C. § 922(g)(1). Because Defendant committed the instant offense "subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense," the Guidelines set a base offense level of 20.[1] *See* United States Sentencing Commission, *Guidelines Manual* ("USSG"), § 2K2.1(a)(4)(A). All parties agree the applicable base offense level is 20 because Defendant's prior New York State conviction for Attempted Robbery in the Third Degree qualifies as a "crime of violence" within the meaning of USSG §§ 2K2.1 and 4B1.2(a)(1). *See* Def. Resentencing Mem. at 2; March 20, 2019 Gov't Sentencing Mem. ("Gov't Resentencing Mem.")

---

[1] For the purposes of this analysis, the Court considers only previous convictions that receive criminal history points. USSG § 2K2.1 cmt. n.10.

6

at 1, ECF No. 36; March 20, 2019 Addendum to the Presentence Investigation Report ("Second PSR Addendum") ¶ 16, ECF No. 37.

In *United States v. Pereira-Gomez*, the Second Circuit held all degrees of New York robbery and attempted robbery qualify as crimes of violence under USSG § 2L1.2. 903 F.3d 155, 166 (2d Cir. 2018). The Guidelines define "crime of violence" identically in Sections 2L1.2 and 4B1.2(a). *Compare* USSG § 2L1.2 cmt. n. 1(B)(iii) (2014) (defining a crime of violence to include any state law offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another"), *and id.* § 2L1.2 cmt. n. 2 (2018) (same), *with id.* § 4B1.2(a)(1) (2016) (defining a crime of violence to include any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another"), *and id.* § 4B1.2(a)(1) (2018) (same). Because *Pereira-Gomez* squarely held attempted robbery under New York State law is a crime of violence under the force clause of the Guidelines, its conclusion governs this case. *See* 903 F.3d at 166.

Therefore, Defendant's base offense level is 20, which, accounting for a three-level decrease for acceptance of responsibility, brings Defendant's total offense level to 17. All parties agree Defendant's total offense level is 17. *See* Def. Resentencing Mem. at 2; Gov't Resentencing Mem. at 1; Second PSR Addendum ¶ 14-16. Given a total offense level of 17 and a Criminal History Category of five, the Guidelines suggest a term of imprisonment of between 46 and 57 months. USSG ch. 5, pt. A. The Guidelines further recommend a term of supervised release of between 1 and 3 years, *id.* § 5D1.2(a)(2); a fine of between $10,000 and $95,000, *id.* § 5E1.2(c); and payment of the costs of prosecution, *id.* § 5E1.5. Defendant is ineligible for probation under the Guidelines. *See id.* § 5B1.1 cmt. n.2.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor, which requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(5), does not apply.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In considering the other six § 3553(a) factors, the Court's sentence sufficiently avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor, which requires the Court to touch upon "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7), is not applicable in Defendant's case, *see* 18 U.S.C. § 3663.

## CONCLUSION

A sentence of 46 months of incarceration, 3 years of supervised release, and payment of the $100.00 mandatory assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and the Addenda to the Presentence Investigation Report, barring any errors found therein, and imposes the special conditions of release proposed by the Probation Department.

**SO ORDERED.**

s/WFK
_____
HON. WILLIAM F. KUNTZ, II

UNITED STATES DISTRICT JUDGE

Dated: March 21, 2019
      Brooklyn, New York